UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SIS, LLC,
    Plaintiff,

v.   Cause No. _____

ORION GROUP HOLDINGS, INC. and
ORION MARINE CONSTRUCTION, INC.
    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff SIS, LLC ("Plaintiff"), through counsel, files this Original Petition against Defendant Orion Group Holdings, Inc. and Orion Marine Construction, Inc. (collectively, "Defendants"), and respectfully states as follows:

## PARTIES

1. Plaintiff is a Delaware limited liability corporation with its principal place of business in Fulton County, Georgia. Plaintiff's members and their respective citizenship are as follows: Mark Kershteyn, a citizen of the State of Georgia; Ravi Kannan, a citizen of the State of Georgia; and Steven James Mulka, a citizen of the State of Georgia.

2. Defendant Orion Group Holdings, Inc. is a Delaware corporation with its principal place of business in Harris County, Texas. Orion Group Holdings, Inc. may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620,

Austin, TX 78701-3218, and its Executive Vice President, Chief Administrative Officer, Chief Compliance Officer and General Counsel, Peter R. Buchler, at 12000 Aerospace Avenue, Suite 300, Houston, TX 77034.

3. Defendant Orion Marine Construction, Inc. is a Florida corporation with its principal place of business in Harris County, Texas. Orion Marine Construction, Inc. may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, TX 78701-3218, and its Executive Vice President, Chief Administrative Officer, Chief Compliance Officer and General Counsel, Peter R. Buchler, at 12000 Aerospace Avenue, Suite 300, Houston, TX 77034.

## VENUE AND JURISDICTION

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because a substantial part of the events giving rise to the claims asserted occurred in this District.

5. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a lawsuit in which over $75,000 is at issue and Plaintiff and all its members are citizens of a state other than Defendants' states of citizenship.

6. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the State of Georgia and have sufficient minimum contacts with the State of Georgia such that the exercise of jurisdiction

over them comports with traditional notions of fair play and substantial justice. More particularly, Defendants purposely avail themselves of the markets in the State of Georgia by way of bidding on and performing multimillion dollar construction projects in the State of Georgia and otherwise promoting the sale of their goods and services in the State of Georgia.

7. In addition, Defendant Orion Marine Construction, Inc. is registered to do business in the State of Georgia. Similarly, Defendant Orion Group Holdings, Inc. is a publicly traded company with, on information and belief, shareholders in the State of Georgia.

## FACTUAL BACKGROUND

8. Plaintiff is a commercial software publisher and consulting company that creates custom software and otherwise helps businesses select and use computer software that links and manages all facets of their business, like operations, payroll and accounting. As part of the services Plaintiff provides, it (re)sells Microsoft software and its own, proprietary software.

9. On March 13, 2020, Plaintiff entered into a five (5) year SaaS Services Agreement (the "Agreement") with Defendants. A true and correct copy of the Agreement is attached as Exhibit A.

10. Pursuant to the Agreement, Plaintiff agreed to provide Defendants Microsoft Dynamics 365 with Imbedded SIS Software, including, but not limited to,

Microsoft Dynamics 365 for Finance and Operation and Microsoft Dynamics 365 Customer Engagement together with Imbedded SOS Software Modules of Construct 365, Advance Payroll, Construct 365 and Project Cost Management and Construct 365 (the "Bundled Software"). In exchange, Defendants agreed to pay Plaintiff $546,579 per year for the five (5) year term of the Agreement. Ex. A, SAAS Services Order Form, p. 62.

11.     Defendants' payment obligation is not dependent upon their use of the Bundled Software. To the contrary, the pricing offered by Plaintiff in the Agreement is deeply discounted (by 25%) in part because Defendants would not be using the Bundled Software for at least some period of time, if at all. Ex. A, SAAS Services Order Form, p. 63, para. 4.

12.     The Agreement may be terminated only upon (1) the material breach of the non-terminating party, or (2) sixty (60) days' notice prior to the end of the contractual term. Otherwise, the contract automatically renews for another five (5) year term. Ex. A, Term and Termination, p. 65.

13.     Pursuant to the Agreement, Defendants must pay amounts due within thirty (30) days of invoicing. Ex. A, Payment of Fees, pp. 64-65. Unpaid amounts are subject to a finance charge of 1.5% per month or the maximum permitted by law, whichever is lower. *Id*. In addition, the Agreement provides for an award of all expenses of collection. *Id*.

14. Georgia law governs the Agreement notwithstanding any applicable conflict of laws. Ex. A, Miscellaneous, p. 66.

15. Defendants paid Plaintiff the agreed upon $546,579 for the first year's term. Defendants have since refused to pay the second installment of the five (5) year annual payments owed under the Agreement. Defendants have also repudiated the Agreement in its entirety, informing Plaintiff they will not be making any further payments.

16. Plaintiff has fulfilled all conditions precedent to Defendants' performance under the Agreement, making the Bundled Software available to Defendants. Plaintiff also incurred expenses and otherwise materially changed its position in reliance on Defendants' agreement to make payments, including, but not limited to, the purchase of the Microsoft 365 components making up the Bundled Software.

### COUNT ONE– BREACH OF CONTRACT AND REPUDIATION OF CONTRACT

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

18. The Parties entered into the Agreement under which Defendants are required to make five (5) annual payments of $546,579 for a total of $2,732.895 for the Bundled Software. Defendants have made only one such payment. Defendants failed and refused to timely make the second payment, such payment being overdue.

19. Since the second payment became due, Defendants repudiated the Agreement in its entirety, informing Plaintiff they will not be making any further payments under the Agreement. This action constitutes anticipatory repudiation of the contract. Defendants' anticipatory repudiation absolves Plaintiff of its obligations under the Agreement and allows Plaintiff to immediately seek damages for both the amounts overdue as well as future payments to be made under the Agreement.

20. Defendants' breach of the Agreement and repudiation of the Agreement has proximately caused Plaintiff damages in the amount of $2,186,316.

21. Plaintiff is also entitled a finance charge of 1.5% per month or the maximum permitted by law, whichever is lower, on all overdue amounts. Ex. A, Payment of Fees, pp. 64-65. Likewise, Plaintiff is entitled to an award of all expenses incurred in the collection of amounts owed under the Agreement, including, without limitation, attorneys' fees and court costs.

**COUNT TWO– IN THE ALTERNATIVE, PROMISSORY ESTOPPEL**

22. Plaintiff realleges and incorporates by reference the foregoing paragraphs.

23. Defendants promised to make five (5) annual payments of $546,579 for a total of $2,732.895 over the term of the Agreement. Plaintiff incurred expenses

and otherwise materially changed its position in reliance on Defendants' agreement to make payments, including, but not limited to, the purchase of Microsoft 365.

24. Plaintiff has suffered damages proximately caused by Defendants' failure to honor its promise to make annual payments in the amount of the expenses incurred in reliance on this promise.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter a Judgment in its favor and against Defendants and award Plaintiff its underlying damages, its attorneys' fees, costs, pre- and post-judgment interest, as well as any other relief that this Court deems just and appropriate.

DATED: December 21, 2021

Respectfully submitted,

CHRISTIANSEN DAVIS, LLC

By: /s/ Amy Davis
Amy E. Davis (*pro hac vice* admission pending)
State Bar No. 24007083
1021 N. Bishop Ave.
Dallas, Texas 75208
Telephone: (214) 838-3501
adavis@cdfirm.com

STEVEN C. ROSEN

Steven C. Rosen
Attorney at Law
GA State Bar No. 614439
750 Hammond Drive
Bldg. 7, Suite 200
Atlanta, GA  30328
404-705-8000
stevencrosen@gmail.com

ATTORNEYS FOR PLAINTIFF

## L.R. 7.1(D) CERTIFICATE OF FONT COMPLIANCE

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(c) of the Civil Local rules of Practice for the above-referenced Court, specifically, Times New Roman 14 point.

_____
Amy E. Davis