## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**SIS, LLC,**

    **Plaintiff,**

  **v.**

                                  **Cause No. 1:21-cv-5219-ELR**

**ORION GROUP HOLDINGS, INC.,**

    **Defendant.**

## JOINT MOTION TO TRANSFER CASE AND
## MOOTING DEFENDANT ORION'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

Plaintiff SIS, LLC ("SIS") and Defendant Orion Group Holdings, Inc. ("Orion") (collectively, the "Parties") jointly move the Court for entry of an Order transferring this case to the U.S. District Court for the Southern District of Texas, Houston Division, and deeming as moot Orion's March 8, 2022 Motion to Dismiss for Lack of Personal Jurisdiction, ECF 26, on the following grounds:

1.    The Parties disagree as to whether Orion is subject to personal jurisdiction in the Northern District of Georgia, Atlanta Division; however, the Parties agree that the U.S. District Court for the Southern District of Texas, Houston Division, may lawfully exercise personal jurisdiction over Orion.

2.    Further, the Parties disagree as to whether Orion performed in the Northern District of Georgia, Atlanta Division, under the contract that is the subject of this suit and, whether its alleged breach occurred herein; nonetheless, the Parties

agree that Orion's principal place of business is in Houston, Texas and the  U.S. District Court for the Southern District of Texas, Houston Division, may lawfully exercise venue over the claims herein.

3.     Counsel for the Parties have conferred and agree that the interests of justice, judicial economy, and convenience of the Parties and witnesses are best served if the case is transferred to  the  U.S. District Court for the Southern District of Texas, Houston Division, because that is the venue of Orion's principal place of business and the home of its primary witnesses.

## ARGUMENTS AND AUTHORITIES

4.     When considering a motion to dismiss, the district court may transfer a case to any district or division in which the case could have been brought under either 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a). *See Orafol Americas, Inc. v. DBi Servs., LLC*, No. 1:16-CV-3516-SCJ, 2017 WL 3473217, at *3 (N.D. Ga. July 20, 2017) (J. Jones).

5.     The former statute, 28 U.S.C. § 1631, provides that, where a court finds personal jurisdiction to be lacking, the court may in the "interest of justice," transfer the case or appeal to any other such court in which the action could have been brought at the time it was filed. 28 U.S.C. § 1631; *see also Orafol Americas, Inc.,* 2017 WL 3473217, at *3.

6.     Similarly, 28 U.S.C. § 1406(a) allows for transfer of a case brought in the wrong venue to a district in which the case could have been brought if such transfer serves the "interest of justice." 28 U.S.C. § 1406(a); *see also Orafol Americas, Inc.,* 2017 WL 3473217, at *3. Venue is improper in this district if the defendant resides in a state other than Georgia and a "substantial  part of the events or omissions giving rise to the claim" occurred elsewhere. *Id.* (citing 28 U.S.C. § 1391(b)). In such case, venue is proper where a "substantial part of the events or omissions giving rise to the claim" occurred. *Id.*

7.     "The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it." *Id. (citing Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009) and 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.) ("In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation.")). The Court has broad discretion in deciding whether to transfer a case in these circumstances. *Id. (citing Roofing Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982)).

8.     Rather than engage in motion practice concerning their disagreements as to the facts underlying personal jurisdiction and venue, the Parties prefer to voluntarily transfer the case to a forum in which they agree both personal jurisdiction and venue are proper. Transfer under these circumstances serves the interest of

justice and judicial economy by avoiding motion practice and the time and expense for same. In addition, several witnesses reside in the district served by the U.S. District Court for the Southern District of Texas, Houston Division. Thus, transfer to that district also serves the interest of convenience for the Parties and witnesses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Parties respectfully move the Court to transfer this case to the U.S. District Court for the Southern District of Texas, Houston Division, and deem as moot Orion's pending Motion to Dismiss for Lack of Personal Jurisdiction, ECF 26, as well as any other relief that this Court deems just and appropriate.

DATED:  March ___, 2022

Respectfully submitted,

CHRISTIANSEN DAVIS, LLC

By: _____
Amy E. Davis (*pro hac vice* admission
pending)
State Bar No. 24007083
1021 N. Bishop Ave.
Dallas, Texas 75208
Telephone: (214) 838-3501
adavis@cdfirm.com

STEVEN C. ROSEN

Steven C. Rosen
Attorney at Law
GA State Bar No. 614439
750 Hammond Drive
Bldg. 7, Suite 200
Atlanta, GA  30328
404-705-8000
stevencrosen@gmail.com

ATTORNEYS FOR PLAINTIFF

COKINOS | YOUNG

/s/ Charles W. Getman
Charles W. Getman
Attorney-in-Charge
Texas Bar No. 07831200
(*Admitted Pro Hac Vice*)
*Lead Counsel for*
*Defendant Orion Group Holdings, Inc.*
John C. Warren
Texas Bar No. 24066264
(*Admitted Pro Hac Vice*)
1221 Lamar St., 16th Floor
Houston, Texas 77010
Telephone:   (713) 535-5500
cgetman@cokinoslaw.com

WEINBERG, WHEELER, HUDGINS, GUNN &
DIAL, LLC

*/s/ Ross G. Bundschuh*
Ross G. Bundschuh
Georgia Bar No. 698034
*Local Counsel for Defendant*
*Orion Group Holdings, Inc.*
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
Telephone:   (404) 832-9552
rbundschuh@wwhgd.com

ATTORNEYS FOR DEFENDANT
ORION GROUP HOLDINGS, INC.

## <u>L.R. 7.1(D) CERTIFICATE OF FONT COMPLIANCE</u>

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Rule 5.1(c) of the Civil Local rules of Practice for the above-referenced Court, specifically, Times New Roman 14 point.

Amy E. Davis

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Steven C. Rosen
750 Hamond Drive
Bldg. 7, Suite 200
Atlanta, Georgia 30328
stevenrosen@gmail.com
*Local Counsel for Plaintiff*

Charles W. Getman
John C. Warren
COKINOS | YOUNG
1221 Lamar St., 16th Floor
Houston, Texas 77010
cgetman@cokinoslaw.com
jwarren@cokinoslaw.com
*Attorneys for Defendant*

Ross G. Bundschuh
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, GA 30326
rbundschuh@wwhgd.com
*Local Counsel for Defendant*

This _____ day of March, 2022.

                                        */s/ Amy E. Davis*_____
                                        Amy E. Davis