United States District Court
Southern District of Texas
**ENTERED**
December 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SIS, LLC § | |
| § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-891 |
| § | |
| ORION GROUP HOLDINGS, INC. § | |
| § | |
| *Defendant*. § | |
| § | |
| § | |
| § | |

## ORDER

Pending before the Court is Plaintiff SIS, LLC's ("Plaintiff" or "SIS") Emergency Motion to Compel. (Doc. No. 96). Defendant Orion Group Holdings, Inc. ("Defendant" or "Orion") filed a Response. (Doc. No. 104). The Court heard arguments of counsel on December 13, 2023.

SIS argues that Orion should produce email communications and a "report" exchanged between Orion's counsel and Wayne Sadin ("Sadin"), a former technology consultant retained by Orion during the period relevant to this lawsuit. Orion identified Sadin as a non-retained expert in its expert disclosures and did not produce an expert report from him.

Both parties acknowledge that Sadin has relevant personal knowledge of the parties' agreements and dealings. (Doc. No. 96 at 2; Doc. No. 104 at 3). SIS's counsel claims that counsel for Orion has communicated multiple times with Sadin and has received from Sadin "a written report that sets forth Sadin's recollection of events…and his opinions and observations as to those events." (*Id.* at 4). SIS argues that because Sadin is a non-retained witness, any communications between Sadin and counsel for Orion falls outside any protections from discovery afforded to expert work product under Federal Rule of Civil Procedure 26. (*Id.* at 5; Fed. R. Civ. P. 26).

Orion argues that its communications between Sadin and Orion's counsel are protected by attorney-client privilege under the Texas Rules of Evidence and as attorney work product under the Federal Rules of Civil Procedure. (Doc. No. 104 at 2). Orion also contends that "SIS has failed to establish that it could not, without undue hardship, obtain the information through other avenues, such as deposition." (Doc. No. 104 at 12).

The Court will first consider whether the communications between Sadin and Orion's counsel are protected by attorney-client privilege. In the Fifth Circuit, a federal court sitting in diversity applies the choice of law rules of the forum state when determining which state attorney-client privilege rules apply. See *Miller v. Transamerican Press, Inc.*, 621 F.2d 721, 724, *opinion supplemented on denial of reh'g*, 628 F.2d 932 (5th Cir. 1980). This Court, sitting in diversity, will apply Texas attorney-client privilege rules.[1]

Texas Rule of Evidence 503(b)(1)(A) provides that "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made to facilitate the rendition of professional legal services to the client ... between the client or the client's representative and the client's lawyer or the lawyer's representative." Tex. R. Evid. 503(b)(1)(A). Rule 503(a)(2) defines a "client's representative" to include "any other person who, to facilitate the rendition of professional legal services to the client, makes or receives a confidential communication while acting in the scope of employment for the client." Tex. R. Evid. 503(a)(2)(B).

---

[1] This is a diversity case involving a cause of action governed by Georgia state law. In Texas, attorney-client privilege claims are "governed by the law of the state with the most significant relationship to the communication." *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 646 (Tex. 1995). For written statements, the state with the most significant relationship will typically be the state where the written statement was received. *In re Levien*, No. 03-18-00079-CV, 2018 Tex. App. LEXIS 3329, at *14 (Tex. App. May 11, 2018) (citations omitted). The parties have not indicated where the emails in question were received, but Orion's retained outside counsel is located in Texas. Orion cites the Texas Rules of Evidence in its Response. SIS did not object at oral argument. Therefore, this Court will apply the Texas Rules of Evidence when analyzing attorney-client privilege in this case.

"Under Rule 503(a)(2), if a person is authorized by the client to obtain legal services or act on legal advice on behalf of the client or to make or receive confidential communications with respect to legal services, that person is a client's representative even if the person is not an employee of the client." *In re Texas Health Res.*, 472 S.W.3d 895, 902 (Tex. App.—Dallas 2015, no pet.) (citing *In re Segner*, 441 S.W.3d 409, 412 (Tex.App.—Dallas 2013, no pet.) ("[A]lthough Carter is not an employee of the trustee's accounting firm, he was hired by the trustee and given authority to obtain and act on legal advice on behalf of the trustee.")).

Orion contends that the communications between Sadin and Orion's counsel are protected by attorney-client privilege because Sadin qualifies as a "client representative" under the Texas Rules of Evidence. (Doc. No. 104 at 7). Orion claims that "Orion and [Sadin] agreed that [Sadin's] services would be governed by and performed pursuant to the existing Consulting Agreement." (*Id.*). Further, Orion argues that Sadin received the communications "while acting within the scope of his retention by Orion." (*Id.*). Orion submitted emails sent between Charles Getman (Orion's retained outside counsel), Pete Buchler (Orion's General Counsel), and Sadin indicating that Sadin believed that the prior consulting agreement he had with Orion was still in place and that "any discussion with anyone outside of Orion," presumably including outside counsel, "will depend on approval from [Pete Buchler]." (Doc. No. 104-5). The emails indicate that (at the very least) Sadin believed that he was still bound by the confidentiality provisions of the consulting agreement. (*Id.*). The emails also indicate that he was authorized by Pete Buchler to speak to Orion's outside counsel as a part of the ongoing litigation. (Doc. No. 104-6). The emails containing the "report" are heavily redacted, but they were exchanged in the months following confirmation from Pete Buchler that Sadin had Orion's permission to provide information as part of the ongoing lawsuit. (Doc. No. 104-7). This is consistent with "communications made to facilitate the rendition of professional

legal services." *See* Tex. R. Evid. 503(a)(2)(B). Sadin therefore likely qualifies as a "client representative" pursuant to the Texas Rules of Evidence. Moreover, in an affidavit submitted along with the email exchanges, Charles Getman stated that he did not intend his communications with Sadin to be disclosed to anyone outside of Orion, and that the draft report between the two was not shared with anyone outside of Orion. (Doc. No. 104-1 at 2). The Court finds that this is sufficient to show that the communications were "confidential" pursuant to Texas Rule 503(a)(5). See Tex. R. Evid. 503(a)(5).

The Court finds that the communications in question, including the draft "report" sent via email between Charles Getman and Sadin, are privileged and protected from discovery under the Texas Rules of Evidence. The Court sees no need to analyze whether the communications are protected by the federal work product doctrine. Plaintiff's Emergency Motion to Compel is denied. (Doc. No. 96).

Nevertheless, after hearing arguments of counsel, it is clear that Sadin is a fact witness with personal knowledge of events relevant to the instant lawsuit. Plaintiff is accordingly granted leave to depose Sadin if it chooses to do so. In granting this leave, the Court is not granting permission to question the witness concerning the communications it just found to be privileged.

Signed at Houston, Texas, on this the 15 day of December, 2023.

Andrew S. Hanen
United States District Judge