United States District Court
Southern District of Texas
**ENTERED**
November 12, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIS, LLC,<br>    *Plaintiff,* | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:22-CV-891 |
| ORION GROUP HOLDINGS, INC,<br>    *Defendant.* | §<br>§<br>§<br>§ | |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

Before the Court is Defendant Orion Group Holdings, Inc.'s ("Orion") Motion to Strike Plaintiff SIS, LLC's ("SIS") pretrial disclosures, exhibit list, and witness list. (Doc. No. 123). SIS filed a Response in opposition. (Doc. No. 126). After considering the arguments of the parties and the relevant Federal Rules of Civil Procedure, the Court **DENIES** Orion's Motion to Strike.

Orion alleges that certain pretrial disclosures of SIS were inadequate and untimely. Primarily, Orion challenges SIS's testimony designation of its deposition of Wayne Sadin, one of Orion's expert witnesses. Orion points out that the designation was served October 21, 2024 which is less than 30 days before the case is set for trial on November 18, 2024. Further, Orion alleges that SIS "wholly failed to serve the designation of exhibits . . . and its designation of witnesses . . . ." (Doc. No. 123 at 2). SIS argues that its disclosure of Sadin's testimony was not untimely because it was filed the Monday after the 30-day deadline, which fell on a Saturday. Further, SIS points out that it filed its designation of exhibits and witnesses in late 2023, and thus did not need to re-serve the same lists. (See Doc. No. 126 at 3).

While neither SIS nor Orion referenced the relevant rule, Federal Rule of Civil Procedure 6(a)(1)(c) guides the Court's computation of timeliness. As relevant here, the Court will "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period

continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." FED. R. CIV. PRO. 6(a)(1)(c). SIS's deadline for disclosures was October 19, 2024—a Saturday. As such, when it filed its disclosure on the Monday following that deadline, October 21, 2024, the filing was timely. While the rules originated before electronic filing enabled a lawyer to file pleadings at any time, this Court acknowledges that those rules still govern, making the SIS's filing timely.

Further, the Court finds no prejudice caused by SIS's failure to re-serve the exhibit and witness lists that it previously filed with the joint pre-trial order. SIS's only amendment since the original lists were filed in late 2023 is the addition of two emails that Orion has possessed for over a year. (Docs. No. 100-1, 88-3, 127). Orion is given leave to file any objections to these documents if it does so by November 15, 2024.

Based on the foregoing, the Court **DENIES** Orion's Motion to Strike. (Doc. No. 123).

SIGNED this 12th day of November, 2024.

Andrew S. Hanen
United States District Judge