Case 4:22-cv-00891   Document 191   Filed on 08/15/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SIS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-891 |
| | § | |
| ORION GROUP HOLDINGS, INC. | § | |
| | § | |
| *Defendant.* | § | |

## ORDER AWARDING COSTS AND DENYING ATTORNEY'S FEES

Before the Court IS Plaintiff SIS, LLC's ("SIS") Motion for Attorney's Fees and Litigation Costs. (Doc. No. 187). Defendant Orion Group Holdings, Inc. ("Orion") filed a Response in opposition, (Doc. No. 189), and SIS replied. (Doc. No. 190). After considering the arguments of the parties and the applicable law, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion for Attorney's Fees and Costs in part. (Doc. No. 187).

### I. INTRODUCTION

This case involved dual contract disputes between SIS and Orion, resulting in a two-year legal battle over various breach of contract and warranty claims. In November 2024, the Court held a week-long bench trial; after which, it entered its finding of facts and conclusions of law as well as a final judgement. (Doc. Nos. 185; 186). The Court found that both SIS and Orion had breached the terms of their various agreements and awarded both parties monetary damages. (Doc. No. 185 at 18).

After the conclusion of the trial and final judgment, SIS moved for attorney's fees and litigation costs under the terms of the parties' SaaS Agreement. (Doc. No. 187 at 2). SIS argues

that attorney's fees and costs are mandatory because SIS was the prevailing party and the SaaS Agreement allows a party to recover "all expenses of collection." (*Id.* at 1). In response, Orion argues that SIS should not receive any attorney's fees because the SaaS Agreement only includes costs and expenses, not attorney's fees. (Doc. No. 189 at 1–2). Further, Orion argues that, even if SIS is entitled to attorney's fees, SIS failed to segregate its fees or prove that the non-recoverable fees are too intertwined with recoverable fees to permit segregation. (*Id.* at 2).

## II.   LEGAL STANDARDS & ANALYSIS

Based on the language of the parties' agreements and the relevant choice-of-law rules, Georgia law governs this case. (Doc. No. 185 at 6). In Georgia, "attorney fees are not generally recoverable as damages absent an *express* provision in a contract or a statutory mandate." (Citations and punctuation omitted; emphasis in original.) *George L. Smith, etc. v. Miller Brewing Co.*, 255 Ga. App. 643, 644, 566 S.E.2d 361 (2002). See also OCGA § 13–6–11 ("The expenses of litigation generally shall not be allowed as a part of the damages."); *Doss & Associates v. First Am. Title Ins. Co., Inc.*, 325 Ga. App. 448, 464, 754 S.E.2d 85, 98 (2013). Unlike Texas however, Georgia does not have a statutory provision that awards attorney's fees in breach of contract cases. "In the absence of a controlling statute, a party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation." *Eagle Jets, LLC v. Atlanta Jet, Inc.*, 347 Ga. App. 567, 572, 820 S.E.2d 197, 202 (2018). "[A] party's entitlement to attorney fees under a contractual provision is determined by the usual rules of contract interpretation." *Benchmark Builders, Inc. v. Schultz*, 726 S.E.2d 556, 557 (Ga. Ct. App. 2012). "The construction of a contract is a question of law for the court, and [the court] look[s] to the contract alone where its terms are clear and unambiguous." *Eagle Jets*, 347 Ga. App. at 572.

Without a statutory grant of attorney's fees, SIS's sole argument for entitlement to fees is based on the language of the SaaS Agreement. The "Payment of Fees" provision provides, in relevant part:

> [SIS] may choose to bill through an invoice, in which case, full payment for invoices issued must be received by [SIS] thirty (30) days after the mailing of the invoices. Unpaid amounts are subject to a finance charge of 1.5% per month on any outstanding balance, or the maximum permitted by law, whichever is lower, **plus all expenses of collection** and may result in immediate termination of Service.

(Doc. No. 140 at 4) (emphasis added). This provision falls under the heading "Payment of Fees," and is the only reference to litigation costs or expenses in the entire SaaS Agreement. Thus, SIS's request for fees hinges entirely on whether the phrase "all expenses of collection" constitutes an express award of attorney's fees under Georgia law.

To start, the Court finds no interpretive basis, nor is any suggested by the parties, to conclude that the SaaS Agreement is ambiguous. Thus, the Court now must determine whether the SaaS Agreement "expressly" permit SIS to recover attorney's fees. Black's Law Dictionary defines "express" as follows:

> Clear; definite; explicit; plain; direct; unmistakable; not dubious or ambiguous. Declared in terms; set forth in words. Directly and distinctly stated. Made known distinctly and explicitly, and not left to inference. Manifested by direct and appropriate language, as distinguished from that which is inferred by conduct. The word is usually contrasted with "implied."

BLACK'S LAW DICTIONARY, p. 580 (6th ed. 1990); *see Doss & Assoc.*, 325 Ga. App. at 464. The actual words "attorney's fees" do not appear in the agreement, so there is no compelling argument that it is "set forth in words" or "declared in terms." *See id.* Neither does SIS argue that it is. Rather, SIS argues that the phrase "expenses of collection" should be interpreted to logically include attorney's fees as a matter of law. The Court finds this interpretive request to be clearly contrary to Georgia law.

3

To grant SIS the relief it seeks, the Court would have to interpret the phrase "all expenses of collection" to *infer* attorney's fees. At the outset, the fact that the recovery of attorney's fees is not "directly and distinctly stated" already requires the Court to step outside of the Supreme Court of Georgia's interpretive guidance to rule for SIS. By definition, if a term is implied, this Court cannot find that it is "expressly provided" for in the terms of the agreement.

Even if the Court found that the term was ambiguous and permitted implied terms, the inference that SIS requests contradicts established Georgia law. The Supreme Court of Georgia has explicitly held that the State's "general rule is that attorney fees are *not* included in the term 'costs' or 'expenses' in the absence of some statutory provision, rule of court, or by contract of the parties." *Bowers v. Fulton County*, 227 Ga. 814, 816(1), 183 S.E.2d 347 (1971); *Randstad Inhouse Serv's, L.P. v. W.C. Barlow & Assoc.*, No. CV 08-738-KI, 2009 WL 10731094, at *1 (D. Or. Jan. 5, 2009) (applying substantive Georgia law) (holding that attorneys' fees "are not included in the term 'cost' or 'expenses' under Georgia law); *see also City Food Mart, Inc. v. Bell Atl. Tricon Leasing Corp.*, 460 S.E.2d 525, 527–28 (Ga. Ct. App. 1995) (affirming trial court's award of attorney's fees on summary judgment and noting that such fees constituted "actual damages incurred" which the breaching party agreed to be responsible for under the Contract); *Vision Airlines, Inc. v. SST Air, LLC*, 2013 WL 12291741, at *10 (N.D. Ga. Mar. 7, 2013). If the Georgia courts distinguish between expenses and fees as a general matter of interpretation, it contravenes logic to argue that the term "expenses" *expressly* includes attorney's fees.

There is an exception to the general rule which permits the recovery of attorney's fees as damages in the case of "malfeasance or misfeasance." *See Silver Comet Terminal Partners, LLC v. Paulding Cnty. Airport Auth.*, No. 21-12906, 2023 WL 2988443, at *16 (11th Cir. Apr. 18, 2023). This exception, however, only applies to those attorney's fees that "are the proximate result

4

of" the defendant's malfeasance or misfeasance. *See Marcoux v. Fields*, 394 S.E.2d 361, 363 (Ga. Ct. App. 1990). As SIS has made no allegations of bad faith or malfeasance, this exception is irrelevant to the Court's analysis here.

Next, SIS cites to several Georgia cases awarding attorney's fees, but each of the cases included an *explicit* mention of "attorney's fees" in the relevant contractual language. In *Eagle Jets*, the provision that the court of appeals examined allowed for the recovery of "litigation expenses." 347 Ga. App. at 573. The contract, however, then went on the define the term "litigation expenses" as including "attorney's fees incurred and all litigation costs." *Id.* Thus, that case dealt with an explicit inclusion of attorney's fees. This explicit reference to fees distinguishes *Eagle Jets* from this case on the most relevant and substantive grounds possible. Similarly, in *Vision Airlines*, the contract at issue had a provision titled "Attorney's Fees." 2013 WL 122291741, at *10; *see also Magnetic Resonance Plus, Inc. v. Imaging Systems Int'l*, 273 Ga. 525, 525, 543 S.E.2d 32, 33 (2001) (addressing a contract provision that allowed "the prevailing party in such proceeding shall be entitled to receive its . . . reasonable attorney's fees"). Citing to cases that involve the explicit mention of attorney's fees to argue that a contract containing no such language "expressly" includes fees is unpersuasive and confusing.

Finally, while Georgia courts do not seem to have directly addressed the phrase "expense of collection," the Georgia Commercial Code expressly distinguishes "expenses of collection" from "attorney's fees." *See* OCGA § 11-9-608(a)(1)(A) ("The secured party shall apply or pay. . . the reasonable **expenses of collection** and enforcement and, *to the extent provided for by agreement and not prohibited by law*, reasonable attorney's fees and legal expenses incurred by the secured party.") (emphasis added). This statute plainly distinguishes between the two phrases—the referenced party shall pay "expenses of collection" and, *if permitted*, attorney's fees

as well. Looking to the principles of contract interpretation in Georgia law—which sophisticated parties negotiating the terms of the agreements would be aware of—the only reasonable interpretation of the SaaS Agreement is one that lacks an "express" inclusion of attorney's fees. As such, the SaaS Agreement's reference to "expenses of collection," refers to a set of costs wholly distinct from attorney's fees. The Court therefore finds that the SaaS Agreement does not expressly provide for the recovery of attorney's fees and, therefore, **DENIES** SIS's request for those fees.

SIS also requested other costs and expenses related to the damages recovery which the Court finds to be plainly contemplated by the language of the SaaS Agreement. Importantly, Orion also made no objection to these expenses. The Court therefore **GRANTS** SIS's motion with respect to those costs.

## VI. Conclusion

Based on the foregoing, SIS's Motion for Attorney's Fees and Litigation Costs is **DENIED** in part and **GRANTED** in part. (Doc. No. 186). The Court finds that the express language of the SaaS Agreement does not permit the recovery of attorney's fees, but that it does permit the recovery of expenses and costs of recovery. Thus, the Court finds that Orion must pay SIS's expenses and costs of collection totalling **$44,239.60.**

**IT IS SO ORDERED.**

Signed on this 15 day of August, 2025.

Andrew S. Hanen
United States District Judge